## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **MELCHIOR A. GEORGE,** | |
| Plaintiff, | |
| v. | Case No. 1:20-cv-01914 (TNM) |
| **MOLSON COORS BEVERAGE COMPANY USA LLC** | |
| Defendant. | |

## <u>MEMORANDUM ORDER</u>

In this employment discrimination action, the Court granted summary judgment to Molson Coors Beverage Company. *See George v. Molson Coors Beverage Co. USA, LLC*, — F. Supp. 3d —, No. 1:20-cv-1914 (TNM), 2022 WL 2643537, at *15 (D.D.C. July 8, 2022). Molson Coors now submits a bill of costs in the amount of $6,082.35 and asks the Court to tax those costs to Plaintiff Melchior George. *See* Bill of Costs at 1, ECF No. 39-1 (Bill of Costs).[1] He objects to the bill. *See* Obj. to Bill of Costs at 1, ECF No. 41 (Obj.). Molson Coors never filed anything in response to his objections.

Upon consideration of the bill and George's objections, the Court taxes some, but not all, costs to him.

## I.

Federal Rule of Civil Procedure 54(d)(1) says that costs "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This Rule "codifies a venerable presumption that prevailing parties are entitled to costs," *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013).

---

[1] All page citations refer to the page numbers generated by the Court's CM/ECF system.

Indeed, "liability for costs is a normal incident of defeat." *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981). Nevertheless, the word "should" in the Rule "makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx*, 568 U.S. at 377. That said, "a court may neither deny nor reduce a prevailing party's request for costs without first articulating some good reason for doing so." *Baez v. U.S. Dep't of Justice*, 684 F.2d 999, 1004 (D.C. Cir. 1982) (en banc) (per curiam). And the losing party has "some burden of showing circumstances sufficient to overcome the presumption favoring the prevailing party." *Id.*

## II.

To begin, George gives two arguments for why the Court should deny the entire bill. Neither succeeds.

*First*, George contends that the Court should deny all costs because of his financial hardship. The Court "may, but need not consider" a party's financial hardship before awarding costs under Rule 54(d). *Guevara v. Onyewu*, 943 F. Supp. 2d 192, 196 (D.D.C. 2013) (cleaned up). But when any court chooses to consider hardship, it requires "substantial documentation of true inability to pay." *Id.* (cleaned up). George gives no such documentation. He merely says that he is unemployed and cannot pay. *See* Obj. at 1–2. This "unsubstantiated assertion[] of financial hardship" is "an insufficient basis on which to deny costs." *Johnson v. Holway*, 522 F. Supp. 2d 12, 17 (D.D.C. 2007). Without more, the Court will not deny the entire bill.

*Second*, George asks the Court to delay awarding costs until the D.C. Circuit resolves his pending appeal. *See* Obj. at 2; *see also* Notice of Appeal, ECF No. 38. He relies on Federal Rule of Civil Procedure 58 and its comments, which permit a district court to "defer consideration of the claim for fees until after the appeal is resolved." Fed. R. Civ. P. 58(e) adv.

comm. note to the 1993 amend.  The next sentence of that comment, however, notes that "it may be more efficient to decide fee questions before an appeal is taken[.]"  *Id.*  Indeed, making a cost determination now and deferring taxation until after an appeal is often "the most prudent course."  *Long v. Howard Univ.*, 561 F. Supp. 2d 85, 96 (D.D.C. 2008).  For that reason, the Court determines the applicable costs now.

## III.

Next, George presents two groups of specific objections—those relating to service of process costs and those relating to deposition costs.

## A.

According to invoices attached to the bill, Molson Coors paid a private process server to deliver deposition subpoenas to Katrina George, Plaintiff's wife, and Angela George.  For each subpoena, Molson Coors paid $149.00 for "same day service."  Bill of Costs, Ex. A at 10–11, ECF No. 39-3 (Invoices).  And for Angela George's subpoena, Molson Coors paid a $59.00 "skiptrace" fee to locate her.  *Id.* at 11.

George first argues that service costs by a private process server are not taxable.  This argument disregards Local Rule 54.1(d)(11), which directs taxation of "[c]osts of service of a subpoena on a witness who testified at a deposition[.]"  LCvR 54.1(d)(11).  Based on the text of that Rule, costs incurred by private servers are taxable.  *Accord Burcham v. Off. of Sgt. at Arms for U.S. Senate*, No. 17-cv-2661 (TSC), 2022 WL 2752584, at *2 (D.D.C. July 14, 2022).

Next, George takes issue with the same day service.  He says such speedy service is "typically more costly than regular service of process" and that courts in this circuit do not tax costs at an expedited rate.  Obj. at 3.  George is somewhat correct.  For *deposition* costs, the D.C. Circuit taxes expedited processing fees only if expedition was somehow necessary for the case.

*See United States v. Halliburton Co.*, 954 F.3d 307, 313 (D.C. Cir. 2020) (citing 28 U.S.C. § 1920).  George cites no case, however, that applies the same analysis to expedited *service* costs.  More, Molson Coors's invoices show no indication that same day service is more expensive than whatever other option the process server offers.  The Court cannot simply rely on George's conclusory (and self-serving) assertion to assume otherwise, particularly given the presumption of recovery by a prevailing party and the direction of Local Rule 54.1(d)(11).  The Court thus will grant the $298.00 in same-day service costs.

The skiptrace fee is another matter.  This appears to be a matter of first impression in this circuit, but courts elsewhere generally do not tax these fees.  *See, e.g.*, *HTS, Inc. v. Boley*, 954 F. Supp. 2d 927, 962 (D. Ariz. 2013); *Leblanc v. USG7, LLC*, No. 6:12-cv-1235-Orl-41TBS, 2016 WL 1358529, at *2 (M.D. Fla. Apr. 6, 2016) (refusing to tax skip-tracing costs because plaintiff had not explained how they were taxable under § 1920); *PNC Equip. Fin., LLC v. Forest Air, LLC*, No. 1:14-cv-81-EJL-CWD, 2014 WL 6673986, at *3 (D. Idaho Nov. 24, 2014) (treating skiptrace fees as non-taxable).  These same courts will tax those fees, however, when a party needed a skiptrace to find the relevant address.  *See, e.g.*, *HTS,* 954 F. Supp. 2d at 963.  Molson Coors has cited no similar need or justification for the skiptrace of Angela George.  The Court will therefore deny taxation of the $59.00 fee.

**B.**

Now for the deposition-related costs.  Molson Coors seeks costs in the amount of $5,697.25 for six depositions.  *See* Bill of Costs at 1.

The Court grants deposition costs when the transcripts or recordings are "necessarily obtained for use in the case."  28 U.S.C. § 1920(2).  Transcripts and videos "are 'necessarily obtained' if they are used to prepare for future depositions, motions, pretrial proceedings, or

trial." *Sykes v. Napolitano*, 755 F. Supp. 2d 118, 120 (D.D.C. 2010).  But unlike the general

presumption favoring recovery of costs, the prevailing party bears the ultimate burden to show

that these materials were necessarily obtained.  *See Robertson v. McCloskey*, 121 F.R.D. 131,

133 (D.D.C. 1988); *accord Halliburton*, 954 F.3d at 313 (affirming district court's acceptance of

necessity as proffered by the prevailing party).  Whether the costs were "'reasonably necessary'

for the litigation" is "determined as of the time the costs were incurred."  *Halliburton*, 954 F.3d

at 313 (cleaned up).  George objects to costs related to transcripts and videoconferencing.

## 1.

First, the transcript costs.  George challenges $373.80 incurred for the transcript of his

wife's deposition.  He says that this transcript was unnecessary because Molson Coors cited it

once and only to corroborate his hospitalization, a fact to which he had already agreed.  *See* Obj.

at 5–6; *see* Def.'s Mot. for Summ. J. at 11, ECF No. 29-1 (citing the deposition).  The Court

rejects this argument.  That George agreed to the fact of hospitalization does not make the

transcript unnecessary.  *See Sykes*, 755 F. Supp. 2d at 121 (rejecting argument that transcript was

unnecessary because prevailing party could have relied on other evidence).   His health and

ability to travel featured prominently in this case, and it was therefore reasonable for Molson

Coors to depose his wife and to order the transcript of her deposition.  Finally, that Molson

Coors cited the transcript "at least once" in its filings is enough to find it was necessarily

obtained.  *Moini v. Wrighton*, No. 19-cv-3126 (TNM), 2022 WL 2528119, at *3 (D.D.C. July 7,

2022) (cleaned up).  The Court taxes to George the transcript costs for his wife's deposition.

George next challenges expedited transcript costs for depositions of him and Jean

Delaney.  For his deposition, Molson Coors incurred $1,734.00 for an expedited transcript at a

rate of $6.80 per page.  *See* Invoices at 4.  And for Delaney's, Molson Coors paid $552.00 at a

rate of $8.00 per page.  *See id.* at 8.

Recall that expedited transcript costs are taxable, but only if the prevailing party explains why expedition was necessary.  *See Halliburton*, 954 F.3d at 313.  Molson Coors has given no justification—it simply submitted its bill without any explanation.  The Court therefore will not tax George for the expedited processing costs.  *See McGovern v. George Washington Univ.*, 326 F.R.D. 354, 356 (D.D.C. 2018) (denying expedited costs when prevailing party gave "no explanation for why expedited processing was necessary").

Yet Molson Coors will recover something.  Clearly, the transcripts were "necessarily obtained," 28 U.S.C. § 1920—Molson Coors cited them several times in its summary-judgment papers.  *See Moini*, 2022 WL 2528119, at *3.  So Molson Coors should receive costs, but the exact amount is unclear.

Normally, the Court would simply eliminate the cost for expedited processing and tax costs "at the reporter's standard rate."  LCvR 54.1(d)(6); *see Borum v. Brentwood Vill., LLC*, No. 16-cv-1723 (RC), 2020 WL 5291982, at *16 (D.D.C. Sept. 4, 2020).  But here the Court cannot discern that rate.  The invoices do not say what Molson Coors paid above the usual rate for ordinary, nonexpedited transcripts.  And the other transcripts only muddy the waters.  Among the four transcripts that Molson Coors did not expedite, the per-page rate was $3.25 for three of them, *see* Invoices at 2–3, and $4.45 for the other one, *see id.* at 6.  Given those conflicting numbers, the Court cannot fashion from the invoices a "standard rate" at which to peg transcription costs for ordinary transcripts.  LCvR 54.1(d)(6).

This gap in the invoices does not, however, leave the Court without guidance. Stenographers employed by this district court charge $0.90 per page for copies of all regularly-processed transcripts.  *See Maximum Transcript Rates*, U.S. Dist. Court for the Dist. of Colum.,

https://www.dcd.uscourts.gov/maximum-transcript-rates.  In the exercise of its "sound discretion," the Court applies that rate to the transcripts at issue.[2]  *Marx*, 568 U.S. at 377.  In doing so, the Court ensures some recovery yet holds Molson Coors to its burden on expedited costs and on transcript costs more generally.  That Molson Coors does not recover more is due to its failure to offer any response to George's objections.  Thus, of the $2,286.00 paid for the George and Delaney transcripts, Molson Coors will recover $291.60.[3]

George objects to two other transcript-related costs.  The invoices reflect that, for each transcript, Molson Coors paid a processing fee and purchased a LiveNote Evidence Format (LEF) file, which allows exhibits and videos to be attached directly to the transcript.  *See* Invoices at 2–4, 6, 8–9; *see also Borum*, 2020 WL 5291982, at *16, n.12 (explaining LEF).  All told, Molson Coors paid $225.00 in processing fees and $665.00 for LEF files.

Neither cost is taxable.  The processing fee appears to be an administrative fee and thus an "ordinary business expense[] that cannot be recovered as [a] cost[.]" *Johnson*, 522 F. Supp. 2d at 19.  Molson Coors does not suggest otherwise.  As for LEF, other courts generally decline to award those costs because LEF is primarily "for the convenience of counsel" and therefore unnecessary.  *Borum*, 2020 WL 5291982, at *16.  This Court follows suit and refuses to award costs for LEF, particularly given Molson Coors's inability to "provide any support, let alone even mention, as to why [it] should be able to recover these costs." *Id.*

Based on these holdings, the Court will tax George for $2,017.50 in transcript costs.

---

[2]  George himself suggests this approach.  *See* Obj. at 6–7.

[3]  This ruling does not clash with the Court's decision to award all costs for expedited service. Unlike for transcript costs, the invoices do not hint at a "standard" rate for service of process, so the Court cannot credit George's assertion that Molson Coors paid more for same-day service. More, the Local Rules clearly direct without exception the taxation of service costs, whereas Molson Coors bears the burden under 28 U.S.C. § 1920 to show necessity for expedited transcripts.

**2.**

Finally, videoconferencing costs.  For the depositions of George and his wife, Molson Coors paid $1,332.50 for videoconferencing.  *See* Invoices at 5, 7.  He objects to those costs.

As this Court has noted before, the prevailing party must show that videotaped depositions were "necessary or reasonable under the circumstances, or that any use was made of the videotape[s] at trial or in motions."  *Moini*, 2022 WL 2528119, at *3 (cleaned up); *see also Craig v. District of Columbia*, 197 F. Supp. 3d 268, 288 (D.D.C. 2016) (same).  These videos were not used during the summary-judgment briefing, so Molson Coors must show that the videos were "necessary or reasonable" in another way.  *Craig*, 197 F. Supp. 3d at 288.  This is a fairly low bar—courts in this district have awarded video costs when the prevailing party said they were necessary for trial preparation, cross-examination, impeachment, or guaranteeing a witness's testimony.  *See Moini*, 2022 WL 2528119, at *3 (discussing cases).

But Molson Coors says nothing.  As with the expedited transcripts, it had a chance to respond to George's objections and did not.  Given that lack of response, the Court holds that Molson Coors "simply has not carried [its] burden on these costs."  *Id.*  The Court accordingly reduces the bill by $1,332.50.

**IV.**

For all these reasons, Molson Coors's [39] Bill of Costs is GRANTED IN PART and DENIED IN PART.  The Court taxes Plaintiff $2,343.20 in costs to be paid once judgment is final.

**SO ORDERED**.

This is a final, appealable Order.

Dated: September 23, 2022
_____
TREVOR N. McFADDEN, U.S.D.J.